WILLIAM COX *v.* COMMISSIONER OF CORRECTION
(SC 17114)

Borden, Norcott, Palmer, Vertefeuille and Zarella, Js.

Argued April 20—officially released November 30, 2004

*Ann E. Lynch*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Jo Anne Sulik*, assistant state's attorney, for the appellant (respondent).

*Sandra J. Crowell*, assistant public defender, with whom were *Temmy Ann Pieszak*, chief of habeas corpus services, and, on the brief, *Judith M. Wildfeuer*, assistant public defender, for the appellee (petitioner).

*Opinion*

ZARELLA, J. This is one of three separate appeals[1] presently before this court in which the principal issue is whether the petitioner is entitled by General Statutes § 18-98d[2] to have each of his concurrent sentences, which were imposed on different dates, reduced by the

---

[1] The two companion appeals, which were released on the same date as this opinion, are *Harris* v. *Commissioner of Correction*, 271 Conn. 808, 860 A.2d 715 (2004), and *Hunter* v. *Commissioner of Correction*, 271 Conn. 856, 860 A.2d 700 (2004).

[2] General Statutes § 18-98d (a) provides in relevant part: "(1) Any person who is confined to a community correctional center or a correctional institution for an offense committed on or after July 1, 1981, under a mittimus or because such person is unable to obtain bail or is denied bail shall, if subsequently imprisoned, earn a reduction of such person's sentence equal to the number of days which such person spent in such facility from the time such person was placed in presentence confinement to the time such person began serving the term of imprisonment imposed; provided (A) each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement; and (B) the provisions of this section shall only apply to a person for whom the existence of a mittimus, an inability to obtain bail or the denial of bail is the sole reason for such person's presentence confinement, except that if a person is serving a term of imprisonment at the same time such person is in presentence confinement on another charge and the conviction for such imprisonment is reversed on appeal, such person shall be entitled, in any sentence subsequently imposed, to a reduction based on such presentence confinement in accordance with the provisions of this section. . . ."

same calendar days of presentence confinement credit, which he had accrued simultaneously while held in lieu of bond on two separate dockets. We conclude that presentence confinement days credited to the petitioner's original sentence may not be credited to a subsequent concurrent sentence imposed on a different date. Accordingly, we reverse the judgment of the habeas court and remand the matter with direction to deny the petition and to order the respondent, the commissioner of correction, to credit the petitioner's concurrent sentences with presentence confinement days in accordance with this opinion.

The petitioner, William Cox, commenced this action by filing a pro se petition for a writ of habeas corpus.[3] The petitioner claimed that the respondent had denied him credit for 141 days of time served in presentence confinement while he was held in lieu of bond under two separate dockets, for which he subsequently was sentenced to two concurrent terms of imprisonment on December 18, 2001, and February 8, 2002, respectively. The petitioner claimed that the respondent should have credited both sentences with the 141 days of presentence confinement that he served simultaneously under each docket for the purpose of calculating his discharge date. The habeas court, *Fuger, J.*, agreed with the petitioner that the 141 days should have been credited to both sentences under the plain language of § 18-98d and granted the petition. The respondent, upon the granting of certification, appealed from the judgment of the habeas court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-2.

The record discloses the following facts and procedural history. On December 14, 1998, the petitioner was

[3] The original petition was filed on July 26, 2002, and an amended petition was filed on May 8, 2003.

sentenced in Docket No. CR98-0144502 (Bridgeport) to a total effective sentence of five years imprisonment, execution suspended after two years, with three years probation. After the petitioner served two years, or 731 days, of the five year sentence, the sentence was suspended in accordance with its terms and the petitioner commenced the three year period of probation. In July, 2001, the petitioner was committed to the custody of the respondent pursuant to a continuance mittimus for violation of probation. The petitioner, who was unable to post bond, remained in the custody of the respondent for 141 days from July 30 to December 18, 2001.[4] On December 18, 2001, the trial court opened the Bridgeport judgment and imposed on the petitioner an additional term of two years imprisonment for violation of probation.

During the habeas hearing, Michelle Deveau, a records specialist employed by the respondent, testified that the sentence imposed for violation of probation was a continuation of the petitioner's original five year sentence. See General Statutes § 53a-32.[5] The respon-

---

[4] The petitioner was committed to the custody of the respondent for violation of probation prior to July 30, 2001, but the court did not set bond for that offense until July 30, 2001. On that date, after the state pointed out to the court that no bond had been ordered, the court set bond in the amount of $100. The amount of bond was nominal because the petitioner was being held simultaneously in lieu of a $75,000 bond for another offense.

[5] General Statutes § 53a-32 provides in relevant part: "(a) At any time during the period of probation or conditional discharge, the court or any judge thereof may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation or conditional discharge, or may issue a notice to appear to answer to a charge of such violation, which notice shall be personally served upon the defendant. Any such warrant shall authorize all officers named therein to return the defendant to the custody of the court or to any suitable detention facility designated by the court. . . .

"(b) If such violation is established, the court may: (1) Continue the sentence of probation or conditional discharge; (2) modify or enlarge the conditions of probation or conditional discharge; (3) extend the period of probation or conditional discharge, provided the original period with any extensions shall not exceed the periods authorized by section 53a-29; or (4) revoke the sentence of probation or conditional discharge. If such sentence

dent thus calculated the petitioner's release date for the Bridgeport sentence by first adding the two years imposed for violation of probation to the two years imposed on the original sentence to arrive at the modified sentence of four years. The respondent then deducted 731 days for time served on the original sentence plus 141 days for time served in presentence confinement from July 30 to December 18, 2001, when the petitioner was held in lieu of bond for violation of probation. This resulted in a release date of July 29, 2003, for the Bridgeport sentence.

On July 9, 2001, the petitioner was committed to the custody of the respondent under a continuance mittimus in connection with a criminal matter assigned Docket No. CR01-0042747 (Milford). The petitioner, who was unable to post bond, was held in presentence confinement for 162 days from July 9 to December 18, 2001. On February 8, 2002, the petitioner was sentenced on the Milford offense to a total effective sentence of two years imprisonment, to be served concurrently with the Bridgeport sentence.

In calculating the petitioner's release date for the Milford sentence, the respondent added two years to the February 8, 2002 sentencing date and then deducted twenty-one days for time served in presentence confinement from July 9 to July 29, 2001, when the petitioner was held in lieu of bond under the Milford docket only. This resulted in a release date of January 17, 2004. The Milford sentence, as the longer of the two, thus became the controlling sentence pursuant to General Statutes

is revoked, the court shall require the defendant to serve the sentence imposed or impose any lesser sentence. Any such lesser sentence may include a term of imprisonment, all or a portion of which may be suspended entirely or after a period set by the court, followed by a period of probation with such conditions as the court may establish. . . ."

§ 53a-38[6] for the purpose of establishing the petitioner's discharge date.

Deveau testified at the habeas hearing that the respondent did not credit the Milford sentence with the 141 days of presentence confinement that the petitioner had served simultaneously under both dockets because to do so would have violated § 18-98d (a) (1) (A), which provides that "each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed . . . ." Consequently, the only days of presentence confinement available to apply to the Milford sentence were the twenty-one days that the petitioner had served under the Milford docket prior to the time that he was held in lieu of bond under the Bridgeport docket.

Seven months after the Milford sentence was imposed, the respondent became aware that it would be to the petitioner's benefit to apply the 141 days of presentence confinement that the petitioner had served under both dockets to the Milford sentence rather than to the Bridgeport sentence. Accordingly, without any further explanation, the respondent recalculated the petitioner's concurrent sentences in September, 2002. In recalculating the Bridgeport sentence, the respondent first added four years to the December 18, 2001 sentencing date, as he had done before, but then deducted only the 731 days served on the original sentence, arriving at a new release date of December 17, 2003. The respondent recalculated the Milford sentence

---

[6] General Statutes § 53a-38 (b) provides: "A definite sentence of imprisonment commences when the prisoner is received in the custody to which he was sentenced. Where a person is under more than one definite sentence, the sentences shall be calculated as follows: (1) *If the sentences run concurrently, the terms merge in and are satisfied by discharge of the term which has the longest term to run;* (2) if the sentences run consecutively, the terms are added to arrive at an aggregate term and are satisfied by discharge of such aggregate term." (Emphasis added.)

by adding two years to the February 8, 2002 sentencing date and then deducting 162 days served in presentence confinement from July 9 to December 18, 2001, resulting in a new release date of August 29, 2003. The respondent thus applied all 141 days served in presentence confinement under both dockets to the Milford sentence only. As a result, the Bridgeport sentence became the controlling sentence under § 53a-38, because it was the longest, and the respondent advanced the petitioner's discharge date from January 17, 2004, under the old calculation, to December 17, 2003, under the new calculation.

The petitioner filed a petition for a writ of habeas corpus, claiming that the respondent had calculated his discharge date improperly because the Bridgeport sentence was not credited with the 141 days of presentence confinement that the petitioner had served under both dockets. The petitioner argued that, if the respondent had credited both sentences with the 141 days at issue, the release date for the Bridgeport sentence would have been advanced to July 29, 2003, as in the respondent's original calculation. The Milford sentence then would have become the controlling sentence, because it was the longest, and the petitioner's discharge date would have been calculated as August 29, 2003, three and one-half months earlier than the discharge date of December 17, 2003, which was calculated by the respondent in September, 2002.

The petitioner claimed that the respondent's method of calculation, which had the effect of lengthening his term of confinement, (1) misinterpreted and misapplied § 18-98d, (2) violated the petitioner's right to equal protection under the state and federal constitutions[7]

---

[7] The equal protection clause of the fourteenth amendment to the United States constitution, §1, provides in relevant part: "No State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws."

Article first, § 20, of the constitution of Connecticut provides in relevant part: "No person shall be denied the equal protection of the law . . . ."

because of his inability to post bond, and (3) violated the petitioner's right to due process because the state failed to honor its plea agreement with the petitioner.

The habeas court granted the petition,[8] concluding on the basis of *Harris* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV01-0003480 (June 4, 2003) (35 Conn. L. Rptr. 114), rev'd, *Harris* v. *Commissioner of Correction*, 271 Conn. 808, 860 A.2d 715 (2004), that the petitioner was entitled to have 141 days of presentence confinement plus 731 days of time served on the original sentence credited to the Bridgeport sentence and 162 days of presentence confinement credited to the Milford sentence. The habeas court therefore ordered the respondent to calculate the petitioner's discharge date by applying the aforementioned credits to the petitioner's concurrent sentences in accordance with its decision in *Harris*. The court also ordered that the petitioner be released on or before August 31, 2003, on the condition that he be remanded back into the custody of the respondent to serve the remainder of his sentence should the respondent prevail in this appeal.[9] The respondent filed a petition for certification to appeal to the Appellate Court, which was granted by the habeas court. This appeal followed.

We begin by setting forth the applicable standard of review. It is well established that, "[a]lthough a habeas

"This court has many times noted that the equal protection clauses of the state and federal constitutions have a like meaning and impose similar constitutional limitations." *Horton* v. *Meskill*, 172 Conn. 615, 639, 376 A.2d 359 (1977).

[8] The court issued a memorandum of decision granting the petition on June 13, 2003. Subsequently, the court issued a corrected memorandum on June 24, 2003, in response to the respondent's June 19, 2003 motion for correction, which identified a clerical error in the court's calculations.

[9] The petitioner, who had approximately five months remaining to serve on the two concurrent sentences at the time of the habeas court's decision, came back into the custody of the respondent on November 14, 2003, following his arrest on another matter unrelated to this appeal.

court's findings of fact are reviewed under a clearly erroneous standard of review, questions of law are subject to plenary review." *Tyson* v. *Commissioner of Correction*, 261 Conn. 806, 816, 808 A.2d 653 (2002), cert. denied sub nom. *Tyson* v. *Armstrong*, 538 U.S. 1005, 123 S. Ct. 1914, 155 L. Ed. 2d 836 (2003). The material facts are not in dispute and the issues before us present questions of law. Our review is, therefore, plenary. See id.

The respondent claims that the credit allocation method ordered by the habeas court contradicts the language of § 18-98d. The respondent also claims that the habeas court improperly concluded that the respondent's method of crediting the petitioner's concurrent sentences violates the petitioner's right to equal protection under the law because a person sentenced to concurrent terms on the same date is treated differently from a person sentenced to concurrent terms on different dates and because of his indigency.[10] We agree with the respondent.

Our resolution of the respondent's claims is controlled by our decision in *Harris* v. *Commissioner of Correction*, 271 Conn. 808, 860 A.2d 715 (2004). With respect to the respondent's first claim as to the proper interpretation of § 18-98d, we concluded in *Harris* that, after the respondent credits days served in presentence confinement to the first of two concurrent sentences, "the days encompassed therein [have] been 'counted . . . once for the purpose of reducing all sentences imposed' within the meaning of § 18-98d (a) (1) (A). As a consequence, they [cannot] be applied again to advance the . . . discharge date for the [second] sentence without violating the proscription in the statute against double counting." Id., 820.

---

[10] The petitioner was represented by a public defender in both the Bridgeport and Milford proceedings.

In the present case, we conclude that the respondent's *initial* calculations of the Bridgeport and Milford sentences were correct. With respect to the Bridgeport sentence, the respondent properly added the two years imposed for the violation of probation to the two years imposed on the original sentence to arrive at a four year sentence. The respondent then properly deducted 872 days, consisting of 731 days served on the original sentence, plus 141 days served in presentence confinement from July 30 to December 18, 2001, resulting in a release date of July 29, 2003.

The respondent's initial calculation of the Milford sentence also was correct. After adding two years to the February 8, 2002 sentencing date, the respondent properly deducted twenty-one days for time served in presentence confinement from July 9 to July 29, 2001, when the petitioner was held in lieu of bond under the Milford docket only. This resulted in a release date of January 17, 2004, for the Milford sentence. Our interpretation of § 18-98d (a) (1) (A) does not permit the respondent to credit the petitioner's Milford sentence with the 141 days of presentence confinement that he served simultaneously under the Milford and Bridgeport dockets from July 30 to December 18, 2001, because those days were fully utilized when they were credited to the Bridgeport sentence. See id., 820. Under our construction of the statute, the Milford sentence, as the longest sentence, is the controlling sentence for the purpose of establishing the petitioner's discharge date of January 17, 2004, pursuant to § 53a-38 (b).

We also agree with the respondent's claim that his method of crediting the petitioner's concurrent sentences did not violate the petitioner's right to equal protection of the law because of his indigency. See id., 837. As we stated in *Harris*, even if we assume, without deciding, that the petitioner is similarly situated to a person who is not incarcerated prior to sentencing, the

interpretation of § 18-98d that this court approves today does not impinge on the petitioner's fundamental right to liberty or discriminate against him because of his indigency. Id., 837–38. Furthermore, although disparities may exist between the duration of concurrent sentences served by persons who post bail and persons who are unable to post bail, the statutory scheme is justified by a legitimate public purpose. Id., 840. Accordingly, we reject the view that our construction of § 18-98d violates the equal protection clause of the federal or state constitution because of the petitioner's indigency.

We note that the habeas court, which incorporated by reference its legal analysis in *Harris* v. *Warden*, supra, 35 Conn. L. Rptr. 114, also determined that there was no equal protection violation on the basis of the petitioner's indigency, but that the petitioner's right to equal protection had been violated because a person sentenced to concurrent terms on the same date is treated differently from a person sentenced to concurrent terms on different dates. The habeas court's decision in *Harris*, however, was appealed to this court and we concluded that the habeas court improperly found an equal protection violation on the basis of the petitioner's sentencing dates. See *Harris* v. *Commissioner of Correction*, supra, 271 Conn. 836. Accordingly, we conclude in the present case, where the issue is the same as in *Harris*, that the respondent's method of calculating the petitioner's concurrent sentences does not violate his right to equal protection on the basis that his two concurrent sentences were imposed on different dates.

The petitioner argues that this court should affirm the judgment of the habeas court on the alternative ground that the respondent's failure to credit both sentences with the time that he served in presentence confinement from July 30 to December 18, 2001, violates

his due process rights.[11] The petitioner argues that he pleaded guilty in Milford and admitted to a violation of probation in Bridgeport in exchange for a total effective sentence of two years, and that the respondent has not honored the plea agreement because the petitioner now will be imprisoned for two years and 141 days. We are not persuaded for all of the reasons set forth in *Harris* v. *Commissioner of Correction*, supra, 271 Conn. 843–44.

As we noted in *Harris*, where the petitioner made a similar claim, the habeas court did not address this issue in its memorandum of decision, nor did it make any findings of fact concerning the terms of the plea agreement, any promises that may have been made by the prosecutor with regard to presentence confinement credit or the intent of the parties in reaching the plea agreement. See id., 843. Accordingly, because there is no evidence in the record as to the terms of the plea agreement and because the petitioner did not file a motion for articulation of the habeas court's decision; see Practice Book § 66-5; we decline to consider this claim on appeal. See *Harris* v. *Commissioner of Correction*, supra, 271 Conn. 844.

The judgment is reversed and the case is remanded with direction to deny the petition and to order the respondent to credit the petitioner's concurrent sentences with presentence confinement days in accordance with this opinion.

In this opinion the other justices concurred.

---

[11] The respondent claimed, by way of special defense, that the petitioner was procedurally defaulted from raising the due process claim, and, therefore, that the habeas court could not review it. The habeas court did not reach the issue, however, and the respondent has not pursued it on appeal.