## KEITH HUNTER *v.* COMMISSIONER OF CORRECTION
### (SC 17115)

Borden, Norcott, Palmer, Vertefeuille and Zarella, Js.

Argued April 20—officially released November 30, 2004

*Ann E. Lynch*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney gen-

eral, and *Jo Anne Sulik,* assistant state's attorney, for the appellant (respondent).

*Sandra J. Crowell,* assistant public defender, with whom were *Temmy Ann Pieszak,* chief of habeas corpus services, and, on the brief, *Judith M. Wildfeuer,* assistant public defender, for the appellee (petitioner).

*Opinion*

ZARELLA, J. In this appeal,[1] the court is required to determine whether the petitioner, Keith Hunter, is entitled by General Statutes § 18-98d,[2] to have each of his two concurrent sentences, which were imposed on different dates, reduced by the same calendar days of presentence confinement credit, which he had accrued while held in lieu of bond under four separate dockets. We conclude that presentence confinement days credited to the petitioner's initial sentence may not be credited to a subsequent concurrent sentence imposed on

[1] This is one of three appeals before this court that raise identical sentencing issues. The other two appeals, released on the same date as this opinion, are *Harris* v. *Commissioner of Correction,* 271 Conn. 808, 860 A.2d 715 (2004), and *Cox* v. *Commissioner of Correction,* 271 Conn. 844, 860 A.2d 708 (2004).

[2] General Statutes § 18-98d (a) provides in relevant part: "(1) Any person who is confined to a community correctional center or a correctional institution for an offense committed on or after July 1, 1981, under a mittimus or because such person is unable to obtain bail or is denied bail shall, if subsequently imprisoned, earn a reduction of such person's sentence equal to the number of days which such person spent in such facility from the time such person was placed in presentence confinement to the time such person began serving the term of imprisonment imposed; provided (A) each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement; and (B) the provisions of this section shall only apply to a person for whom the existence of a mittimus, an inability to obtain bail or the denial of bail is the sole reason for such person's presentence confinement, except that if a person is serving a term of imprisonment at the same time such person is in presentence confinement on another charge and the conviction for such imprisonment is reversed on appeal, such person shall be entitled, in any sentence subsequently imposed, to a reduction based on such presentence confinement in accordance with the provisions of this section. . . ."

a different date. Accordingly, we reverse the judgment of the habeas court.

The petitioner commenced this action by filing a pro se petition for a writ of habeas corpus.[3] The petitioner claimed that the respondent, the commissioner of correction, had denied him credit for 147 days of time served in presentence confinement while he was held in lieu of bond under four separate dockets, for which he subsequently was sentenced to two concurrent terms of imprisonment, each consisting of two consecutive sentences, on March 31, 1999, and April 8, 1999, respectively.[4] The petitioner claimed that the respondent should have credited each concurrent sentence with the 147 days of presentence confinement that he had served simultaneously under all four dockets for the purpose of calculating his discharge date. The habeas court, *Fuger, J.*, agreed with the petitioner that the 147 days should have been credited to both sentences under the plain language of § 18-98d and granted the petition. The respondent, upon the granting of certification, appealed from the judgment of the habeas court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-2.

The following facts and procedural history are relevant to this appeal. On September 6, 1997, the petitioner was arrested and released on bond in Docket No. CR97-0064007 (Rockville I). On March 10, 1998, the petitioner was arrested and held in lieu of bond in Docket No. MV98-0330873 (Rockville II) for three days from March 11 to March 13, 1998, at which time the petitioner posted bond and was released. On November 4, 1998, the bond

---

[3] The original petition, which was filed on August 1, 2001, was amended on March 24, 2003.

[4] On March 31, 1999, the petitioner was sentenced in the first two dockets to consecutive terms of imprisonment. On April 8, 1999, he was sentenced in the second two dockets to terms of imprisonment that were consecutive to each other but concurrent to the sentence imposed on March 31, 1999.

amounts for Rockville I and II were raised. The petitioner, unable to post the higher bond in either matter, was held in the custody of the respondent under both dockets for 147 days from November 4, 1998, to March 31, 1999, the date of his sentencing.

In Rockville I, the petitioner was sentenced to a term of four years imprisonment. In Rockville II, the petitioner was sentenced to a term of eight years imprisonment, execution suspended after four years, with three years probation and a forty-eight hour mandatory minimum, to run consecutively to the sentence imposed in Rockville I. The total effective sentence imposed in Rockville I and Rockville II (Rockville sentence) was twelve years imprisonment, execution suspended after eight years, with three years probation and a forty-eight hour mandatory minimum.

The respondent calculated the petitioner's release date for the Rockville sentence by first adding eight years to the sentencing date of March 31, 1999, to arrive at a release date of March 30, 2007. The respondent then deducted from that date 151 days, consisting of three days for time served in presentence confinement in Rockville II from March 11 to March 13, 1998, plus 147 days for time served in presentence confinement under both dockets from November 4, 1998, to March 31, 1999, and one day authorized by Public Acts 2001, No. 01-78 (P.A. 01-78).[5] The respondent thus credited the Rockville sentence with the 147 days served in presentence confinement under both dockets only once,

_____

[5] Public Acts 2001, No. 01-78, § (a) (2) (B) is now codified at General Statutes § 18-98d (a) (2) (B), which provides: "Any person convicted of any offense and sentenced prior to October 1, 2001, to a term of imprisonment, who was confined in a correctional facility for such offense on October 1, 2001, shall be presumed to have been confined to a police station or courthouse lockup in connection with such offense because such person was unable to obtain bail or was denied bail and shall, unless otherwise ordered by a court, earn a reduction of such person's sentence in accordance with the provisions of subdivision (1) of this subsection of one day."

as directed by § 18-98d. This calculation resulted in a release date of October 30, 2006, for the Rockville sentence.

On September 16, 1998, the petitioner was arrested and held in lieu of bond in Docket No. CR98-0111080 (Milford I) for four days from September 17 to September 20, 1998, at which time he posted bond and was released. On October 12, 1998, the petitioner was arrested for another offense and, unable to post bond, was held in the custody of the respondent in Docket Nos. CR98-0111281 and MV98-0282492 (Milford II) from October 13, 1998, to March 31, 1999, when the Rockville sentence was imposed. On October 22, 1998, the bond was raised in Milford I and the petitioner, who was unable to post the higher bond, was held in the custody of the respondent on that matter until March 31, 1999, when he commenced the Rockville sentence.

On April 8, 1999, the petitioner was sentenced for the Milford offenses. In Milford I, the petitioner was sentenced to a term of three years imprisonment, to run consecutively to the sentence imposed in Milford II, but concurrently with the Rockville sentence. In Milford II, the petitioner was sentenced to a term of five years imprisonment, to run consecutively to the sentence in Milford I but concurrently with the Rockville sentence.

In calculating the petitioner's release date for Milford I and Milford II (Milford sentence), the respondent added eight years to the sentencing date of April 8, 1999, to yield a release date of April 7, 2007. The respondent then deducted from that date twenty-seven days, consisting of four days of presentence confinement in Milford I from September 17 to September 20, 1998, plus twenty-two days of presentence confinement in Milford II from October 13 to November 4, 1998, and one day of credit authorized by P.A. 01-78. This resulted

in a release date of March 11, 2007, for the Milford sentence.

The respondent did not credit the Milford sentence with the 147 days of presentence confinement that the petitioner had served simultaneously under the Rockville and Milford dockets because the credits had been fully utilized in the Rockville sentence and a second application of the credit would have violated § 18-98d (a) (1) (A), which provides that "each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed . . . ." For the same reason, the respondent did not credit the Milford sentence more than once with the days that the petitioner had served simultaneously under the two Milford dockets from October 22 to November 4, 1998. As a result, the only days of presentence confinement that the respondent credited to the Milford sentence were the twenty-six days that the petitioner served under the Milford dockets from September 17 to September 20, 1998, and from October 13 to November 4, 1998. Consequently, the Milford sentence, as the longest sentence, became the controlling sentence pursuant to General Statutes § 53a-38[6] for the purpose of establishing the petitioner's discharge date of March 11, 2007.

On August 1, 2001, the petitioner filed a petition for a writ of habeas corpus claiming that the respondent had calculated the Milford sentence improperly because he had not credited that sentence with the 147 days of presentence confinement that the petitioner had served

---

[6] General Statutes § 53a-38 (b) provides: "A definite sentence of imprisonment commences when the prisoner is received in the custody to which he was sentenced. Where a person is under more than one definite sentence, the sentences shall be calculated as follows: (1) *If the sentences run concurrently, the terms merge in and are satisfied by discharge of the term which has the longest term to run;* (2) if the sentences run consecutively, the terms are added to arrive at an aggregate term and are satisfied by discharge of such aggregate term." (Emphasis added.)

simultaneously under the Rockville and Milford dockets. The petitioner, in effect, claimed that if the habeas court had credited the Milford sentence as well as the Rockville sentence with the 147 days of presentence confinement at issue, the release date for the Milford sentence would have been moved forward to October 14, 2006. The Rockville sentence then would have become the controlling sentence pursuant to § 53a-38 because it was the longest, and the petitioner would have been discharged on October 30, 2006, more than four months earlier than the discharge date of March 11, 2007, established by the respondent.

The petitioner claimed that the respondent's method of calculation, which had the effect of lengthening the term of his confinement, (1) misinterpreted and misapplied § 18-98d, (2) violated the petitioner's right to equal protection under the state and federal constitutions[7] because of his inability to post bond, and (3) violated the petitioner's due process rights because the state failed to honor its plea agreement with the petitioner.

The habeas court granted the petition, concluding on the basis of *Harris* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV01-0003480 (June 4, 2003) (35 Conn. L. Rptr. 114), rev'd, *Harris* v. *Commissioner of Correction*, 271 Conn. 808, 860 A.2d 715 (2004), that the petitioner was entitled to have both concurrent sentences credited with the same 147 days of presen-

---

[7] The equal protection clause of the fourteenth amendment to the United States constitution, §1, provides in relevant part: "No State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws."

Article first, § 20, of the constitution of Connecticut provides in relevant part: "No person shall be denied the equal protection of the law . . . ."

"This court has many times noted that the equal protection clauses of the state and federal constitutions have a like meaning and impose similar constitutional limitations." *Horton* v. *Meskill*, 172 Conn. 615, 639, 376 A.2d 359 (1977).

tence confinement and each docket credited with one day in accordance with P.A. 01-78.[8]

The respondent filed a petition for certification to appeal to the Appellate Court, which was granted by the habeas court. The respondent also filed a motion for articulation requesting that the court articulate the basis for its decision to credit presentence confinement days to the petitioner's respective sentences. In a written memorandum, the habeas court explained the basis for its decision,[9] and then acknowledged that its previous findings and orders had been incorrect. With respect to the Rockville sentence, the habeas court stated that the 147 days of presentence confinement from November 4, 1998, to March 31, 1999, should have been credited only once, to Rockville I, and, accordingly, that the only days of presentence confinement that should have been credited to Rockville II were the three days served from March 11 to March 13, 1998. The court recognized that the 147 days, having already

---

[8] The habeas court initially found that the petitioner was entitled to 147 days of presentence confinement credit on each docket. Specifically, the court found that each Rockville sentence should be credited with 147 days of presentence confinement, and that the Milford sentence should be credited with 334 days of presentence confinement, with Milford I receiving 164 days of credit and Milford II receiving 170 days of credit. Subsequently, in response to the respondent's motion for articulation, the habeas court indicated that the petitioner was entitled to 147 days of presentence confinement credit toward each concurrent sentence but not toward each docket.

[9] The respondent's motion asked the court to articulate how it had determined the amount to credit each of the four sentences. In its memorandum, the court explained that it had credited the Milford I sentence with 164 days of presentence confinement, including four days served from September 17 to September 20, 1998, and 160 days served from October 22, 1998, to March 31, 1999. The court further explained that it had credited the Milford II sentence with 170 days of presentence confinement, including ten days served from October 13 to October 22, 1998, and 160 days served from October 22, 1998, to March 31, 1999. The court also articulated that it had credited both Rockville sentences and both Milford sentences with the same 147 days of presentence confinement, served from November 4, 1998, to March 31, 1999. Finally, the court stated that it had credited the Rockville II sentence with three days served from March 11 to March 13, 1998. The court recognized that the 147 days, having already

been credited to Rockville I, could not be credited to Rockville II without violating § 18-98d because Rockville II was ordered to run consecutively to Rockville I.

With respect to the Milford sentence, the habeas court explained that, because that sentence was ordered to run concurrently with the Rockville sentence, the 147 days of presentence confinement served under all four dockets could be credited properly a second time to the Milford sentence. Within that sentence, however, the 147 days could be credited only to either Milford I or to Milford II, because the two terms had been ordered to run consecutively to each other. The court therefore determined that Milford I should be credited with 164 days of presentence confinement consisting of four days served from September 17 to September 20, 1998, and 160 days served from October 22, 1998, to March 31, 1999, which included the 147 days at issue. The court also determined that Milford II should be credited with ten days of presentence confinement from October 13 to October 22, 1998. The court finally ordered that the petitioner receive one day of credit under each docket in accordance with P.A. 01-78.

We begin by setting forth the applicable standard of review. It is well established that, "[a]lthough a habeas court's findings of fact are reviewed under a clearly erroneous standard of review, questions of law are subject to plenary review." *Tyson* v. *Commissioner of Correction*, 261 Conn. 806, 816, 808 A.2d 653 (2002), cert. denied sub nom. *Tyson* v. *Armstrong*, 538 U.S. 1005, 123 S. Ct. 1914, 155 L. Ed. 2d 836 (2003). The material facts are not in dispute and the issues before us present questions of law. Our review is, therefore, plenary. See id.

The respondent claims that the credit allocation method ordered by the habeas court disregards the

language of § 18-98d. The respondent also claims that
the habeas court improperly concluded that the respon-
dent's method of crediting the petitioner's concurrent
sentences violates the petitioner's right to equal protec-
tion under the law because a person sentenced to con-
current terms on the same date is treated differently
from a person sentenced to concurrent terms on differ-
ent dates and because of his indigency.[10] We agree with
the respondent.

Our resolution of the respondent's claims is con-
trolled by our decision in *Harris* v. *Commissioner of
Correction*, 271 Conn. 808, 860 A.2d 715 (2004). With
respect to the respondent's first claim as to the proper
interpretation of § 18-98d, we concluded in *Harris* that,
after the respondent credits days served in presentence
confinement to the first of two concurrent sentences,
"the days encompassed therein [have] been 'counted
. . . once for the purpose of reducing all sentences
imposed' within the meaning of § 18-98d (a) (1) (A).
As a consequence, they [cannot] be applied again to
advance the . . . discharge date for the [second] sen-
tence without violating the proscription in the statute
against double counting." Id., 820.

In the present case, we conclude that the method
used by the respondent to calculate the Rockville and
Milford sentences was correct. With respect to the
Rockville sentence, the respondent properly calculated
the petitioner's release date by adding eight years to
the sentencing date of March 31, 1999, and then
deducting 151 days, consisting of three days for time
served in presentence confinement in Rockville II from
March 11 to March 13, 1998, plus 147 days for time
served in presentence confinement under both dockets

---

[10] The petitioner was represented by a public defender in the Rockville
and Milford proceedings.

from November 4, 1998, to March 31, 1999.[11] The respondent's calculation was consistent with § 18-98d and resulted in a release date of October 30, 2006.

The respondent also properly calculated the Milford sentence by adding eight years to the sentencing date of April 8, 1999, and then deducting twenty-seven days, consisting of four days of presentence confinement in Milford I from September 17 to September 20, 1998, plus twenty-two days of presentence confinement in Milford II from October 13 to November 4, 1998. The respondent did not credit the Milford sentence with the same 147 days of presentence confinement applied to reduce the Rockville sentence, because those days had been fully utilized and could not be credited more than once pursuant to § 18-98d. Likewise, the respondent correctly refused to credit the Milford sentence more than once with the presentence time served by the petitioner under Milford I and Milford II from October 22 to November 4, 1998. Accordingly, the respondent properly calculated a release date for the Milford sentence of March 11, 2007, which became the controlling sentence for the purpose of establishing the petitioner's discharge date pursuant to § 53a-38 because it was the longest.

We also agree with the respondent's claim that the method he used to credit the petitioner's concurrent sentences did not violate the petitioner's right to equal protection under the law because of his indigency. See id., 837. As we stated in *Harris*, even if we assume, without deciding, that the petitioner is similarly situated to a person who is not incarcerated prior to sentencing, the interpretation of § 18-98d that this court approves today does not impinge on the petitioner's fundamental

---

[11] We do not address whether one or two days should be credited to each of the petitioner's two concurrent sentences pursuant to P.A. 01-78 because the parties have not raised that issue on appeal.

right to liberty or discriminate against him because of his indigency. Id., 837–38. Furthermore, although disparities may exist between the duration of concurrent sentences served by persons who post bail and persons who are unable to post bail, the statutory scheme is justified by a legitimate public purpose. Id., 840. Accordingly, we reject the view that our construction of § 18-98d violates the equal protection clause of the federal or state constitution because of the petitioner's indigency.

We note that the habeas court, which incorporated by reference its legal analysis in *Harris* v. *Warden*, supra, 35 Conn. L. Rptr. 114, also determined that there was no equal protection violation based on the petitioner's indigency, but that the petitioner's right to equal protection had been violated because a person sentenced to concurrent terms on the same date is treated differently from a person sentenced to concurrent terms on different dates. On appeal to this court, however, we concluded that the habeas court had improperly found an equal protection violation on the basis of the petitioner's sentencing dates. See *Harris* v. *Commissioner of Correction*, supra, 271 Conn. 836. Accordingly, we conclude in the present case, where the issue is the same as in *Harris*, that the respondent's method of calculating the petitioner's concurrent sentences does not violate his right to equal protection on the basis that his two concurrent sentences were imposed on different dates.

The petitioner argues that this court should affirm the judgment of the habeas court on the alternative ground that the respondent violated his due process rights by failing to credit both sentences with the 147 days that he served in presentence confinement from November 4, 1998 to March 31, 1999.[12] The petitioner

---

[12] The respondent claimed, by way of special defense, that the petitioner was procedurally defaulted from raising the due process claim and, therefore, that the habeas court could not review it. The habeas court did not reach this issue, however, and the respondent has not pursued it on appeal.

argues that he pleaded guilty in the Milford matter in exchange for a total effective sentence of eight years and that the respondent failed to honored the plea agreement because the petitioner will be imprisoned for more than eight years. We are not persuaded for all of the reasons set forth in *Harris* v. *Commissioner of Correction*, supra, 271 Conn. 843–44.

As we noted in *Harris*, where the petitioner made a similar claim, the habeas court did not address that issue in its memorandum of decision, nor did it make any findings of fact concerning the terms of the plea agreement, any promises that may have been made by the prosecutor with regard to presentence confinement credit or the intent of the parties in reaching the plea agreement. See id., 843. Accordingly, because there is no evidence in the record as to the terms of the plea agreement and because the petitioner did not file a motion for articulation of the habeas court's decision with respect to the plea agreement; see Practice Book § 66-5; we decline to consider this claim on appeal. See *Harris* v. *Commissioner of Correction*, supra, 271 Conn. 844.

The judgment is reversed and the case is remanded with direction to deny the petition.

In this opinion the other justices concurred.