FRANCIS BORRELLI *v.* COMMISSIONER OF
CORRECTION
(AC 29238)

Flynn, C. J., and DiPentima and Arnold, Js.

Argued January 14—officially released April 21, 2009

*Christopher M. Neary*, special public defender, for the appellant (petitioner).

*Courtney Gates-Graceson*, special deputy assistant state's attorney, with whom were *Jo Anne Sulik*, senior assistant state's attorney, and, on the brief, *Michael*

*Dearington*, state's attorney, and *Linda N. Howe*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

FLYNN, C. J. The petitioner, Francis Borrelli, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. The court granted the petition for certification to appeal. On appeal, the petitioner claims that the habeas court improperly concluded that (1) by pleading guilty, he had waived the right to assert at his habeas trial a claim of ineffective assistance of trial counsel, (2) he had procedurally defaulted on his claims that (A) the state violated its plea agreement with him when it did not ensure that he receive proper credit for certain presentence confinement and (B) the discharge date established by the respondent, the commissioner of correction, was inconsistent with the plea agreement and (3) even if he had not procedurally defaulted, there was no merit to his claims regarding (A) the plea agreement and (B) the respondent's calculation of presentence confinement credit. We reverse in part and affirm in part the judgment of the habeas court.

The following facts and procedural history are relevant to our resolution of the petitioner's appeal. Pursuant to a warrant, on June 4, 2003, the petitioner was arrested and charged with robbery in the third degree in violation of General Statutes § 53a-136 for a crime that occurred at the Liberty Bank in Clinton. At the time of his arrest, the petitioner also was found to be in possession of ten bags of heroin, and, accordingly, he was charged, in a separate docket, with possession of narcotics in violation of General Statutes § 21a-279 (a) (collectively, Middletown cases). He was held in lieu of bond.

On June 20, 2003, the petitioner was arraigned on a violation of probation charge. On October 30, 2003, he was arrested and charged with robbery in the first degree in violation of General Statutes § 53a-134 and larceny in the third degree in violation of General Statutes § 53a-124 for a crime that occurred at the People's Bank in New Haven (collectively, New Haven cases). The petitioner remained in custody, held in lieu of bond, on those charges as well as the previous charges.

On December 15, 2003, the petitioner pleaded guilty to robbery in the first degree in the New Haven cases and was sentenced to ten years incarceration, followed by ten years of special parole. He also was sentenced to a concurrent five year term after pleading guilty to violation of probation. The court, *Fasano, J.*, stayed the execution of the sentence until December 17, 2003, so that this sentence could begin on the same date as the anticipated sentence in the Middletown cases. Judge Fasano also stated that the petitioner could request a continuance of the stay if things did not go as planned. Although the petitioner was not sentenced in the Middletown cases on the anticipated date of December 17, 2003, with no request to continue the stay having been filed, Judge Fasano ordered the stay lifted on that date, and the sentence on the New Haven cases began to run. The petitioner was credited with forty-eight days of presentence confinement on the New Haven cases for the period of October 30 through December 17, 2003.

On December 23, 2003, the petitioner entered guilty pleas to attempt to commit robbery in the third degree and possession of narcotics in the Middletown cases. The court, *O'Keefe, J.*, sentenced the petitioner to five years incarceration on each count, to run concurrently with each other and with the New Haven sentences.[1]

---

[1] It is unclear from the record whether the petitioner received any presentence confinement credit on the Middletown sentences for his period of presentence confinement between the dates of June 4 and October 29, 2003. He does not raise this as an issue, however.

On December 4, 2006, the petitioner filed a three count amended petition for a writ of habeas corpus alleging ineffective assistance of counsel, a violation of the plea agreement and a miscalculation by the respondent of his confinement discharge date. The habeas court concluded that the petitioner had waived his right to challenge the effectiveness of counsel by pleading guilty to the underlying charges and that he had procedurally defaulted on the other claims because he failed to raise them before the trial court. In the alternative, the habeas court found no merit to those claims. Accordingly, the court denied the petition for a writ of habeas corpus. After the court granted the petition for certification to appeal, the petitioner filed the present appeal.

I

On appeal, the petitioner claims that the habeas court improperly concluded that he had waived the right to assert a claim of ineffective assistance of trial counsel when he pleaded guilty to the underlying crimes, and he asserts that we have the authority to consider the merits of his claim.[2] The respondent concedes that the court's ruling was improper but argues that the case must be remanded to the habeas court for a proper consideration of this claim. We agree with the respondent.

"When reviewing the decision of a habeas court, the facts found by the habeas court may not be disturbed unless the findings were clearly erroneous. . . . The

---

[2] The petitioner's ineffective assistance of counsel claim alleged that counsel had been ineffective in failing to file a motion to suppress the in-court, show-up identification procedure that had resulted in four people positively identifying him in the New Haven robbery, which led to his plea of guilty. Specifically, he argues that "the claim is quite simple. [The petitioner's] lawyer should have filed a motion to suppress. If that motion were successful, the entirety of the state's case evaporates, and [the petitioner] would not have [pleaded] guilty . . . ."

issue, however, of [w]hether the representation [that] a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. *Strickland* v. *Washington*, [466 U.S. 668, 698, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)]. As such, that question requires plenary review by this court unfettered by the clearly erroneous standard." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 288 Conn. 53, 62, 951 A.2d 520 (2008).

Under the *Strickland* standard, when a petitioner alleges ineffective assistance of counsel, he must establish that "(1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defense because there was a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance." (Internal quotation marks omitted.) Id., 63.

"Under the test in [*Hill* v. *Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)], in which the United States Supreme Court modified the prejudice prong of the *Strickland* test for claims of ineffective assistance when the conviction resulted from a guilty plea, the evidence must demonstrate that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 576, 941 A.2d 248 (2008). "A reasonable probability is one [that] is sufficient to undermine confidence in the result." *Ruffin* v. *Commissioner of Correction*, 106 Conn. App. 396, 399, 943 A.2d 1105, cert. denied, 286 Conn. 922, 949 A.2d 481 (2008).

Here, the court held that the "[p]etitioner's guilty plea . . . operates as, and constitutes, a waiver of all defects, including any, if at all, that exist regarding the

in-court identification." We conclude, on the basis of much Supreme Court precedent, that a petitioner, who claims that his guilty plea was resultant from counsel's ineffective assistance, properly may file a petition for a writ of habeas corpus on that ground, and, in this case, the habeas court improperly ruled that the petitioner had waived this claim by pleading guilty. See, e.g., *Johnson* v. *Commissioner of Correction,* supra, 285 Conn. 558 (petitioner sought writ of habeas corpus on ground that trial counsel's ineffective representation caused him to enter *Alford* plea); *Copas* v. *Commissioner of Correction,* 234 Conn. 139, 157, 662 A.2d 718 (1995) (concluding that petitioner sufficiently demonstrated that had trial counsel not been ineffective, petitioner would not have pleaded guilty but would have gone to trial). The petitioner is entitled to have this claim properly reviewed by the habeas court. See *Copas* v. *Warden,* 30 Conn. App. 677, 682, 621 A.2d 1378 (1993) (remanding to habeas court for determination of whether counsel had been ineffective when petitioner pleaded guilty and convicted), on appeal after remand, 234 Conn. 139, 662 A.2d 718 (1995).

II

The petitioner next claims that the court improperly ruled that he had procedurally defaulted on his claims that (1) the state violated the plea agreement by not ensuring that the petitioner received the credit for certain presentence confinement to which he had agreed and (2) the discharge date established by the respondent was inconsistent with the plea agreement. After setting forth our standard of review, we will address each of these in turn.

"When a respondent seeks to raise an affirmative defense of procedural default, the rules of practice require that he or she must file a return to the habeas petition alleg[ing] any facts in support of any claim

of procedural default . . . or any other claim that the petitioner is not entitled to relief. Practice Book § 23-30 (b). If the return alleges any defense or claim that the petitioner is not entitled to relief, and such allegations are not put in dispute by the petition, the petitioner shall file a reply. Practice Book § 23-31 (a). The reply shall allege any facts and assert any cause and prejudice claimed to permit review of any issue despite any claimed procedural default. Practice Book § 23-31 (c).

"In discussing the principles that govern review of a respondent's affirmative defense that a habeas claim is procedurally defaulted, [our Supreme Court has] recognized that, as a general rule, [t]he appropriate standard for reviewability of habeas claims that were not properly raised at trial . . . or on direct appeal . . . because of a procedural default is the cause and prejudice standard. Under this standard, the petitioner must demonstrate good cause for his failure to raise a claim at trial or on direct appeal and actual prejudice resulting from the impropriety claimed in the habeas petition. . . . [T]he cause and prejudice test is designed to prevent full review of issues in habeas corpus proceedings that counsel did not raise at trial or on appeal for reasons of tactics, inadvertence or ignorance . . . . [T]he existence of cause for a procedural default must ordinarily turn on whether the [petitioner] can show that some objective factor external to the defense impeded counsel's efforts to comply with the [s]tate's procedural rule. . . . [For example] a showing that the factual or legal basis for a claim was not reasonably available to counsel . . . or . . . some interference by officials . . . would constitute cause under this standard. . . . A court will not reach the merits of the habeas claim when the petitioner fails to make the required showing." (Citations omitted; internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, supra, 285 Conn. 567–68.

## A

The petitioner argues that the court improperly ruled that he had procedurally defaulted and could not assert a claim that the state had violated its plea agreement by not ensuring that he receive the credit agreed to for certain presentence confinement in violation of *Santobello* v. *New York*, 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971).[3] The respondent argues that the court properly ruled that the petitioner had procedurally defaulted on this claim. We agree with the respondent.

In his amended petition for a writ of habeas corpus, the petitioner alleged, inter alia, that his guilty pleas were induced by the promise of the state that "his total time incarcerated on all charges and dockets would be ten years." Pursuant to Practice Book § 23-30,[4] the respondent filed a return to the amended habeas petition in which the respondent raised the affirmative defense of procedural default pursuant to *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 38, 779 A.2d 80 (2001) ("before seeking to correct an illegal sentence in the habeas court, a defendant either must raise the issue on direct appeal or file a motion pursuant to [Practice Book] § 43-22 with the trial court") and the petitioner's inability to establish cause and prejudice to excuse the default. The petitioner did not file a reply to the return in accordance with Practice Book § 23-31 (a) alleging cause and prejudice, nor did his petition itself put the allegations of the respondent's return in dispute.[5]

---

[3] In *Santobello*, the United States Supreme Court held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello* v. *New York*, supra, 404 U.S. 262.

[4] Practice Book § 23-30 provides: "(a) The respondent shall file a return to the petition setting forth the facts claimed to justify the detention and attaching any commitment order upon which custody is based.

"(b) The return shall respond to the allegations of the petition and shall allege any facts in support of any claim of procedural default, abuse of the writ, or any other claim that the petitioner is not entitled to relief."

[5] Practice Book § 23-31 provides: "(a) If the return alleges any defense or claim that the petitioner is not entitled to relief, and such allegations are not put in dispute by the petition, the petitioner shall file a reply.

"A sentence imposed in an illegal manner [within the meaning of Practice Book § 43-22] is one within the relevant statutory limits but . . . imposed in a way which violates [a] defendant's right . . . to be addressed personally at sentencing and to speak in mitigation of punishment . . . or his right to be sentenced by a judge relying on accurate information or considerations solely in the record, or *his right that the government keep its plea agreement promises*." (Emphasis added; internal quotation marks omitted.) *State* v. *Henderson*, 93 Conn. App. 61, 67, 888 A.2d 132, cert. denied, 277 Conn. 927, 895 A.2d 800 (2006).

As recently reiterated by our Supreme Court, "under *Cobham* v. *Commissioner of Correction*, supra, 258 Conn. 38, [a] petitioner first [is] required to raise [a] *Santobello* claim via a motion to correct an illegal sentence or on direct appeal. As a general matter, a defendant who files a petition for a writ of habeas corpus will be deemed to have procedurally defaulted unless he exhausts at least one of those remedies." *Orcutt* v. *Commissioner of Correction*, 284 Conn. 724, 737, 937 A.2d 656 (2007). "Once the respondent has raised the defense of procedural default in the return, the burden is on the petitioner to prove cause and prejudice. . . . [When] no evidence [of cause and prejudice] has been provided [to the habeas court], [the reviewing] court can independently conclude that the petitioner has failed to meet the cause and prejudice test." (Citation omitted; internal quotation marks omitted.) *Council* v. *Commissioner of Correction*, 286 Conn. 477, 489, 944 A.2d 340 (2008). "[O]nce the respondent raise[s] the defense in [the] return, the burden shift[s] to the petitioner to allege and *prove* cause and prejudice. [When

"(b) The reply shall admit or deny any allegations that the petitioner is not entitled to relief.

"(c) The reply shall allege any facts and assert any cause and prejudice claimed to permit review of any issue despite any claimed procedural default. The reply shall not restate the claims of the petition."

a] petitioner fail[s] to do so, his claims are procedurally defaulted." (Emphasis in original.) Id., 490–91.

In this case, the petitioner did not file a motion to correct the sentence, nor did he raise this issue on direct appeal. Furthermore, the petitioner failed to file a reply to the return. On the basis of our clear precedent and the facts of this case, we conclude that the habeas court properly held that the petitioner's claim that the state failed to adhere to the plea agreement was procedurally defaulted.

B

The petitioner next claims that the court improperly ruled that he had procedurally defaulted and could not assert a claim that the discharge date established by the respondent was inconsistent with the plea agreement and his sentence. The respondent concedes that the court improperly ruled that the petitioner had procedurally defaulted on this claim.[6] We agree that the petitioner could not have procedurally defaulted on his claim that the department of correction (department) had calculated his presentence confinement credit incorrectly.

Because the respondent concedes this issue, and our case law is clear, we need not embark on a detailed analysis. Rather, we simply set forth a statement of the law. When it is the act of the department in applying presentence confinement credit, and not the sentencing proceeding itself, that is the subject of the petitioner's attack, the habeas court *is the proper venue* for the petitioner to raise his claims. *State* v. *Carmona*, 104 Conn. App. 828, 833, 936 A.2d 243 (2007), cert. denied, 286 Conn. 919, 946 A.2d 1249 (2008); see also *State* v.

[6] We find it quite troubling that the respondent took the opposite position before the habeas court, arguing that the petitioner was procedurally defaulted from asserting his claim that the commissioner incorrectly calculated his presentence confinement credit.

*Torres,* 9 Conn. App. 133, 136, 516 A.2d 1371 (1986) ("defendant's . . . claim, that he did not receive proper jail time credit, is a proper subject for habeas corpus proceedings rather than review by this court [on direct appeal]").

## III

Having determined that the petitioner was not procedurally defaulted from asserting the claim that the respondent incorrectly calculated his presentence credits, we next address the petitioner's claim that the court improperly ruled, in the alternative, that the respondent accurately calculated the petitioner's presentence credits. Specifically, the petitioner argues: "[T]he petitioner clearly [pleaded] guilty and was clearly sentenced by the court to a TOTAL term of ten years. The petitioner reasonably believed that the ten year sentence for all the charges would be just that: ten years. However, due to the calculations of the respondent, the petitioner will spend more than the agreed upon ten years in prison." The petitioner contends that the respondent failed to award him presentence confinement credit on his New Haven sentence dating back to his June 4, 2003 arrest on the Middletown charges. The respondent argues that she properly calculated the petitioner's presentence confinement credits and could not give him credit for presentence confinement on the New Haven charges dating back to June 4, 2003, because he was not arrested on the New Haven charges until October 30, 2003. We agree with the respondent that the petitioner could not receive presentence credit on the New Haven charges for the time preceding his arrest on those charges.[7]

Some statutory and case law background on the issue of presentence confinement credit is helpful to our resolution of the petitioner's claim. "Section 18-98d governs the issuance of jail credit to prisoners incarcerated prior

---

[7] See footnote 1.

to sentencing. Subsection (a) creates a right to credit for days spent in prison prior to sentencing. General Statutes § 18-98d (a) (1) provides in relevant part: 'Any person who is confined . . . under a mittimus or because such person is unable to obtain bail or is denied bail shall, if subsequently imprisoned, earn a reduction of such person's sentence equal to the number of days which such person spent in such facility from the time such person was placed in presentence confinement to the time such person began serving the term of imprisonment imposed . . . .' The statute, however, expressly limits the credit a prisoner may receive because it provides that 'each day of presentence confinement *shall be counted only once* for the purpose of reducing all sentences imposed after such presentence confinement . . . .' General Statutes § 18-98d (a) (1) (A). The statute also excludes from this credit any time that a prisoner spends incarcerated for a prior conviction before sentencing on a separate, pending charge. See General Statutes § 18-98d (a) (1) (B). Finally, subsection (c) of § 18-98d charges the respondent with the responsibility for correctly applying presentence confinement credit to a prisoner's sentence.

"Section 18-98d provides only part of the relevant statutory guidance . . . . Because a sentencing court may order sentences to be served concurrently, we also must consider the language of General Statutes § 53a-38 (b). That statute provides in relevant part: 'Where a person is under more than one definite sentence, the sentences shall be calculated as follows: (1) If the sentences run concurrently, *the terms merge in* and are satisfied by discharge of the term which has the longest term to run . . . .' General Statutes § 53a-38 (b).

"Our case law illustrates the interaction of these statutory provisions, which defines the process by which the respondent calculates a prisoner's anticipated

release date. See, e.g., *Hunter* v. *Commissioner of Correction*, [271 Conn. 856, 860 A.2d 700 (2004)]; *Cox* v. *Commissioner of Correction*, [271 Conn. 844, 853, 860 A.2d 708 (2004)]; *Payton* v. *Albert*, 209 Conn. 23, 32, 547 A.2d 1 (1988) [en banc], overruled in part on other grounds by *Rivera* v. *Commissioner of Correction*, 254 Conn. 214, 756 A.2d 1264 (2000). First, the respondent adds the term of the imposed sentence to the date of sentencing to calculate the latest possible release date; then, the respondent applies presentence confinement credit on that docket to reduce the prisoner's term of confinement by the days that he has been in custody prior to the date of sentencing. Finally, if the prisoner has been ordered to serve multiple sentences concurrently, the respondent then merges the sentences, and the longest sentence controls the prisoner's anticipated release date." *Washington* v. *Commissioner of Correction*, 287 Conn. 792, 800–801, 950 A.2d 1220 (2008).

Our Supreme Court further explained in *Washington* that "[i]n *Payton* v. *Albert*, supra, 209 Conn. 32, [it had] approved the application of presentence confinement credit, *earned simultaneously on multiple charges*, to all concurrent sentences imposed on the same day. Although [the Supreme Court] noted [its] approval of this practice, it was not the central issue in *Payton*. Rather, *Payton* required [the court] to resolve whether a prisoner may 'bank' presentence confinement credit earned in connection with one charge for later application to another, unrelated sentence. . . . [The court] concluded that such application of presentence confinement credit was not permitted under §§ 18-98d (a) and 53a-38 (b). Id., 29–32. In *Harris*, [our Supreme Court] distinguished *Payton* from situations in which a prisoner has been ordered to serve concurrent sentences that were imposed on different days. See *Harris* v. *Commissioner of Correction*, [271 Conn. 808, 823, 860 A.2d 715 (2004)]. [Our Supreme Court] observed that,

'[w]hen concurrent sentences are imposed on the same date, as in *Payton*, the available presentence confinement days have not yet been utilized. . . . Conversely, when concurrent sentences are imposed on different dates, the presentence confinement days *accrued simultaneously* on more than one docket are utilized fully on the date that they are applied to the first sentence.' . . . Id.

"In *Harris*, [our Supreme Court] announced for the first time [its] conclusion that § 18-98d (a) prohibits the respondent from crediting multiple sentences, imposed on different days, with the same presentence confinement when a prisoner had been *imprisoned simultaneously in multiple dockets*. See id. Although [the court's] decision in *Cox* was governed by this conclusion, in that case, [it] further determined that once the respondent has applied presentence confinement credit to a prisoner's first imposed sentence, the credit has been fully utilized. See *Cox* v. *Commissioner of Correction*, supra, 271 Conn. 852. Thus, [the court] determined that the statute 'does not permit' the respondent to transfer presentence confinement credit, after it has been applied to one sentence, to a subsequently imposed sentence to effectuate the earliest possible release date for the prisoner. Id., 853." (Emphasis added.) *Washington* v. *Commissioner of Correction*, supra, 287 Conn. 802–803.

Although the petitioner in this case argues that the presentence confinement time that he served in the Middletown cases should have been credited to the New Haven sentences, we consider it axiomatic that a petitioner cannot receive presentence confinement credit for confinement that predates the arrest on the charges for which he wants the confinement to be credited. The petitioner argues that Judge Fasano continued the sentencing on the New Haven charges so that the Middletown sentence and the New Haven sentence

could run concurrently and that the intent of this was that the presentence confinement credit would be applied to both sets of cases. We simply cannot agree that the outcome would have been any different had the petitioner been sentenced simultaneously on all dockets. This is not a case in which the petitioner was imprisoned simultaneously on multiple dockets for the period of June 4 through October 29, 2003. Rather, he was held during that time only on the Middletown cases. Accordingly, even if the petitioner had been sentenced on all of the charges on the same day, the presentence confinement credit that was earned from June 4 through October 29, 2003, could not be credited to the New Haven charges because the petitioner was not arrested on those charges until October 30, 2003.

We find support for our conclusion in *Payton* v. *Albert*, supra, 209 Conn. 32. The issue before our Supreme Court in *Payton* was whether days of presentence confinement distinctive to one sentence could be transferred to another sentence that was imposed on the same date. See id., 24–25. The petitioner in *Payton* was arrested on July 22, 1986, in Docket No. CR-6-262088, and he was held in lieu of bail for 113 days, until November 12, 1986. Id., 24, 27. While held in lieu of bail on CR-6-262088, the petitioner in that case also was arrested, on August 28, 1986, in Docket No. CR-6-263741, and he remained in pretrial confinement on that charge as well, until he posted bail on November 12, 1986, seventy-six days later. Id. On January 16, 1987, he pleaded guilty in Docket No. CR-6-262088 and was sentenced to a term of two and one-half years imprisonment. Id. He also pleaded guilty in Docket No. CR-6-263741 that same day, and he received a two and one-half year concurrent sentence on that charge. Id.

Our Supreme Court explained that "[i]n determining the petitioner's effective release date, the respondent examined the pretrial confinement time in each case.

In Docket No. CR 6-262088, the respondent calculated that 113 days of jail time plus a corresponding reduction of thirty-eight days for good conduct (good time) advanced the petitioner's release date in that case from July 15, 1989, to February 14, 1989. In Docket No. CR 6-263741, the respondent calculated that seventy-six days of jail time plus a corresponding twenty-six days of good time advanced the release date from July 15, 1989, to April 4, 1989. Having merged the two sentences and on the basis of the sentence which had the longest to run, the respondent, pursuant to § 53a-38 (b), determined that the actual release date would be April 4, 1989." Id., 27–28.

Seeking to have the 113 days of presentence confinement credit from Docket No. CR-6-262088 credited to Docket No. CR-6-263741, the petitioner in *Payton* argued that he was entitled to receive credit for his entire presentence confinement, regardless of which offenses caused the confinement. Id., 27–28. Our Supreme Court rejected his argument, concluding that the plain language and the legislative history of § 18-98d revealed nothing that would indicate that the legislature had "intended to authorize the transfer of jail time credits accrued while in pretrial confinement under one offense to the sentence thereafter imposed upon conviction for another offense." Id., 31–32.

As our Supreme Court explained in *Harris*: "When concurrent sentences are imposed on the same date, as in *Payton*, the available presentence confinement days have not yet been utilized. The respondent thus examines and applies the presentence time served *under each docket* and then establishes the discharge date by choosing the sentence which has the longest term to run. See General Statutes § 53a-38 (b) (1)." (Emphasis added.) *Harris* v. *Commissioner of Correction*, supra, 271 Conn. 823.

We find further support for our conclusion in *Cox* v. *Commissioner of Correction*, supra, 271 Conn. 844. The petitioner in the *Cox* case had been held in lieu of bond simultaneously under two separate dockets, one in Bridgeport and one in Milford, for a period of time. Id., 846. Originally, however, the petitioner was arrested on the Milford matter on July 9, 2001, and held in lieu of bond until December 18, 2001. Id., 848. He then was arrested on the Bridgeport matter on July 30, 2001, and held in lieu of bond until December 18, 2001. Id., 847. The petitioner was sentenced on these matters on different dates, the Bridgeport sentencing occurring first. Id., 848. The petitioner argued that the presentence confinement credit for the time he was held simultaneously on both matters should be credited to both matters. Id., 850. Our Supreme Court did not agree. The court explained that the respondent originally had determined that after applying presentence confinement credit to the Bridgeport sentence, the petitioner's release date on that sentence was July 29, 2003. Id., 847–48. After applying the presentence confinement credit that was accrued solely in connection with the Milford case to the Milford sentence, which had been ordered to run concurrently with the Bridgeport sentence, the respondent arrived at a release date of January 17, 2004. Id. Pursuant to § 53a-38 (b), the longer of the two sentences, the Milford sentence, became the controlling sentence. Id., 848–49. The petitioner in *Cox* filed a habeas petition challenging the respondent's failure to credit both sentences with the presentence confinement credit that had been earned simultaneously in both cases. Id., 850. According to the petitioner's claim, if the presentence confinement credit had been applied to both sentences, his release date would have been advanced by three and one-half months. Id. Our Supreme Court disagreed with the petitioner and held that the respondent's original calculations were correct. Id., 853.

What we especially find informative in the *Cox* case is that despite the majority of the presentence confinement credit being applied to the first sentence, i.e., the Bridgeport sentence, the presentence confinement credit that was attributable only to the Milford sentence, for the time the petitioner had been held from July 9 through July 29, 2001, was credited solely to the Milford sentence and not to the Bridgeport sentence. Id., 854.

On the basis of this analysis, we conclude that the habeas court properly determined that the petitioner could not receive presentence credit on the New Haven charges for the time preceding his arrest on those charges.

The judgment is reversed in part and the case is remanded for consideration of the petitioner's ineffective assistance of counsel claim. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.