DANIEL BERNSTEIN *v.* COMMISSIONER OF
CORRECTION
(AC 24021)

Schaller, West and DiPentima, Js.

---

Argued January 12—officially released May 25, 2004

*Adam A. Laben,* special public defender, for the appellant (petitioner).

*Madeline A. Melchionne,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Henri Alexandre* and *Steven R. Strom,* assistant attorneys general, for the appellee (respondent).

*Opinion*

WEST, J. The petitioner, Daniel Bernstein, appeals from the judgment of the trial court dismissing his petition for a writ of habeas corpus. The underlying issue is whether the petitioner was denied full use of his

presentence confinement credit as applied to concurrent sentences that were imposed on different dates.[1] For the reasons set forth, we affirm in part and reverse in part the judgment of the trial court.

The following facts and procedural history are relevant to the petitioner's appeal. The petitioner came into the custody of the respondent, the commissioner of correction, on November 23, 1999, for various crimes. On December 28, 1999, he was held in presentence confinement in lieu of bond in Docket No. CR99-78164 (New London matter). Beginning on January 10, 2000, while being held in presentence confinement on the New London matter, the petitioner began a period of pretrial confinement in lieu of bond in Docket No. CR00-005560 (Waterbury matter). On January 20, 2000, while being held in presentence confinement on the New London and Waterbury matters, he began a period of presentence confinement in Docket No. CR00-171675 (Manchester matter). In the Manchester matter, the petitioner was sentenced on June 8, 2000, to a one year term of imprisonment. The respondent applied 140 days of presentence confinement credit, earned from January 20 to June 8, 2000, when the petitioner was held in custody for that offense, to adjust his release date to January 18, 2001.

From January 19 to April 17, 2001, he continued his presentence confinement in the New London and Waterbury matters. On April 17, 2001, the petitioner

[1] Exhibit F, submitted at trial by the respondent, the commissioner of correction, illustrates how the petitioner's presentence confinement credit was applied. The petitioner was held in simultaneous custody for ninety-eight days in the two cases at issue for which he later received sentences that were to be served concurrently. In determining the concurrent sentence that had the longer term to run pursuant to General Statutes §§ 18-98d and 53a-38 (b), the respondent *divided* the ninety-eight days of presentence confinement credit between the two sentences, as opposed to crediting *each* sentence with the full ninety-eight days. The respondent arrived at April 6, 2007, as the merged release date.

was convicted and sentenced in the Waterbury matter to a term of six years of incarceration. On May 16, 2001, he was sentenced in the New London matter to a prison term of six years to run concurrently with the Waterbury sentence.

The petitioner brought a habeas action, arguing that he was entitled to 505 days of credit in the New London matter for the period December 28, 1999, to May 16, 2001, or, in the alternative, 252 days, subtracting time served for the Manchester and Waterbury sentences. Additionally, he claimed 475 days of credit in the Waterbury matter for the period January 10, 2000, to April 17, 2001, or, in the alternative, 238 days, subtracting time served for the Manchester sentence. The court rejected those claims and dismissed his petition for a writ of habeas corpus. This appeal followed. Additional facts will be set forth as needed.

We are faced with three issues on appeal: (1) whether the court correctly held that that the petitioner did not earn presentence confinement credit while serving the Manchester and Waterbury sentences; (2) whether the court correctly held that credit used to reduce and ultimately to discharge the Manchester sentence could not also be credited to the Waterbury and New London sentences; and (3) whether the court correctly held that a prisoner serving multiple concurrent sentences imposed on different dates is not entitled to have presentence confinement credit applied to each of those sentences, when that credit represents the *same period of presentence confinement.*

We first note the standard of review for each of the three claims. "There are no factual issues in dispute; at issue is whether the respondent properly calculated the petitioner's sentence . . . . Accordingly, [t]he conclusions reached by the trial court in its decision to dismiss the habeas petition are matters of law, subject

to plenary review . . . ." (Internal quotation marks omitted.) *King* v. *Commissioner of Correction*, 80 Conn. App. 580, 584, 836 A.2d 466 (2003), cert. denied, 267 Conn. 919, 841 A.2d 1191 (2004).

I

The petitioner first claims that the court improperly deprived him of presentence confinement credit earned while he served the Manchester sentence, from June 8, 2000, to January 18, 2001, and while he served part of the Waterbury sentence, from April 17 to May 16, 2001. In other words, the petitioner argues that presentence confinement credit can be earned while actually serving a sentence. We disagree.

The petitioner could not earn *presentence* confinement credit while *serving a sentence.* By its very terms, General Statutes § 18-98d[2] is directed at offsetting the length of a prison sentence by the period of *presentence* confinement. "Credits are properly applied to reduce the number of days of sentenced confinement to reflect days spent in *presentence* confinement . . . ." (Emphasis added.) *King* v. *Commissioner of Correction*, supra, 80 Conn. App. 587. As a consequence, the petitioner cannot claim presentence credit for time served on the Manchester sentence, from June 8, 2000, to January 18, 2001, and on the Waterbury sentence, from April 17 to May 16, 2001.

[2] General Statutes § 18-98d (a) (1) provides in relevant part: "Any person who is confined . . . under a mittimus or because such person is unable to obtain bail or is denied bail shall, if subsequently imprisoned, earn a reduction of such person's sentence equal to the number of days which such person spent in such facility *from the time such person was placed in presentence confinement to the time such person began serving the term of imprisonment imposed*; provided (A) each day of presentence confinement *shall be counted only once* for the purpose of reducing all sentences imposed after such presentence confinement . . . ." (Emphasis added.)

## II

The petitioner next claims that the court improperly denied him use of presentence confinement credit that he had used earlier to reduce, and ultimately to discharge, the Manchester sentence. In other words, the petitioner claims that the Waterbury and New London sentences should be reduced by the credit he earned while in custody on all three matters, from January 20 to June 8, 2000, even though it already had been applied to discharge the Manchester sentence. We disagree.

The petitioner cannot prevail on his claim. Once presentence confinement credit has been fully utilized to reduce a sentence, it cannot be applied again to reduce another sentence.[3] Id., 586.

## III

The petitioner last claims that the court improperly affirmed the respondent's application of his presentence confinement credit, earned from December 28, 1999, to January 19, 2000, and from January 19, 2001, to April 17, 2001, against his concurrent sentences, which were imposed on different dates.[4] A large part of the petitioner's presentence confinement credit was earned simultaneously while he was in custody for the Waterbury and New London matters. We agree with the petitioner.

Our holding in *Valle* v. *Commissioner of Correction,* 45 Conn. App. 566, 696 A.2d 1280 (1997), rev'd on other grounds, 244 Conn. 634, 711 A.2d 722 (1998), addressed the same issue of how to apply presentence confinement credit, a large part of which was earned simultane-

---

[3] That default rule must not be confused with the analysis in part III in which General Statutes §§ 18-98d and 53a-38 (b) are used to determine a longer concurrent sentence. In that situation, it is permissible to apply simultaneously earned jail time credit against each concurrent sentence to determine which of the two has the longer term to run.

[4] See footnote 1.

ously for two separate offenses, toward concurrent sentences that are imposed on different dates. In *Valle*, the petitioner was held in presentence confinement in Docket No. CR92-133946 for a period of 253 days, from June 16, 1992, to February 24, 1993. Id., 567. On February 24, 1993, he was sentenced to a prison term of four years. Id. The petitioner came into custody for a second offense on June 30, 1992. Id. From June 30, 1992, to February 24, 1993, the date he was sentenced for the first offense, the petitioner was held in presentence confinement for a period of 239 days in Docket No. CR14-368284. Id., 567–68. The petitioner therefore accrued 239 days of presentence confinement credit while being held in custody in two separate cases. Id. He then was sentenced to a term of four years for the second offense on March 3, 1993, to run concurrently with the sentence that he already had been serving for one week. Id., 567–69.

In determining how to apply the earned presentence confinement credit in *Valle*, specifically 253 days for the first offense and 239 days for the second, we held that the respondent commissioner of correction "should have examined the pretrial confinement time under each docket pursuant to § 18-98d and then chosen as the effective release date the longer of the two sentences pursuant to [General Statutes] § 53a-38."[5] (Internal quotation marks omitted.) *Valle* v. *Commissioner of Correction*, supra, 45 Conn. App. 570. In other words, to determine the longer concurrent sentence, 253 days properly were subtracted from the four year sentence imposed on February 24, 1993, and 239 days properly were subtracted from the concurrent four year sentence

[5] General Statutes § 53a-38 (b) provides in relevant part: "A definite sentence of imprisonment commences when the prisoner is received in the custody to which he was sentenced. Where a person is under more than one definite sentence, the sentences shall be calculated as follows: (1) If the sentences run concurrently, the terms merge in and are satisfied by discharge of the term which has the longest term to run . . . ."

imposed on March 3, 1993. Id. After those reductions were made, along with a proper application of good time credit to each sentence, the longer resulting sentence established the petitioner's effective release date. Id. Our Supreme Court has recognized that "the determination of the discharge date by this method reflects a correct construction of the two applicable statutes." (Internal quotation marks omitted.) *Rivera* v. *Commissioner of Correction*, supra, 254 Conn. 246, quoting *Payton* v. *Albert*, 209 Conn. 23, 32, 547 A.2d 1 (1988) (concerning similar problem of how to apply presentence confinement credit, much of which was earned simultaneously in custody for two separate cases, to concurrent sentences imposed on same date).

It is therefore improper to divide, as the respondent did in this case, presentence confinement credit that was earned simultaneously in two separate cases between what later became two concurrent sentences, because the resulting merger of sentences could not represent the true length of the respective concurrent sentences to be merged. A concurrent sentence, prior to merger, includes the full term of the sentence imposed, minus any presentence confinement credit earned toward it, even if simultaneously earned and applicable to another sentence.

Putting that formula to work in the present case, it is clear that the respondent failed to apply all of the petitioner's presentence confinement credit in determining the discharge date of the merged sentence pursuant to §§ 18-98d and 53a-38 (b).[6] The respondent should have subtracted ninety-eight days[7] from the six

[6] The respondent arrived at April 6, 2007, as the merged release date by applying only ten days of credit toward the Waterbury sentence and 101 days toward the New London sentence.

[7] That number represents the credit earned from January 10 to January 19, 2000, and from January 19, 2001, to April 17, 2001.

year sentence imposed on April 17, 2001, and 111 days[8] from the six year concurrent sentence imposed on May 16, 2001. When we perform those calculations, we obtain release dates of January 8, 2007, for the Waterbury sentence and January 24, 2007, for the New London sentence. Because the New London sentence has the longer term to run, January 24, 2007, therefore serves as the operative release date *based solely on the proper application of presentence confinement credit.* We note that other factors within the respondent's expertise could change that precise result. Moreover, we have not applied whatever good time credit has been earned to the concurrent sentences.

We therefore conclude that the court properly held that the petitioner could not earn presentence confinement credit during a period of time in which he was serving a sentence, nor could he make use of presentence confinement credit he had already used to reduce and to discharge a sentence. We also conclude, however, that the court improperly affirmed the respondent's application of §§ 18-98d and 53a-38 (b). As a consequence, the petitioner was denied full use of his presentence confinement credit. Therefore, the court improperly dismissed the petition for a writ of habeas corpus.

The judgment is reversed only as to the application of presentence confinement credit against the petitioner's concurrent sentences and the case is remanded with direction to render judgment granting the petition for a writ of habeas corpus and correctly to apply §§ 18-98d and 53a-38 (b) with respect to presentence confinement credit in accordance with this opinion; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.

---

[8] That number represents the credit earned from December 28, 1999, to January 19, 2000, and from January 19, 2001, to April 17, 2001.