DANIEL BERNSTEIN *v.* COMMISSIONER OF
CORRECTION
(AC 24021)

Schaller, DiPentima and West, Js.

Submitted on briefs April 1—officially released June 28, 2005

*Adam A. Laben,* special public defender, filed a brief for the appellant (petitioner).

*Richard Blumenthal,* attorney general, and *Madeline A. Melchionne* and *Henri Alexandre,* assistant attorneys general, filed a brief for the appellee (respondent).

*Opinion*

WEST, J. This appeal is before us on remand from our Supreme Court. *Bernstein* v. *Commissioner of Correction,* 272 Conn. 904, 863 A.2d 698 (2004). The petitioner, Daniel Bernstein, appealed to this court from the judgment of the trial court dismissing his petition for a writ of habeas corpus. In reversing a portion of the court's judgment, we held that a prisoner serving multiple concurrent sentences imposed on different dates is entitled to have presentence confinement credit applied to each of those sentences when the credit represents the same period of presentence confinement. *Bernstein* v. *Commissioner of Correction,* 83 Conn. App. 77, 82–85, 847 A.2d 1090, cert. granted, 272 Conn. 904, 863 A.2d 698 (2004). Our Supreme Court granted the petition for certification to appeal filed by

the respondent commissioner of correction and, in the same order, remanded the case to this court for reconsideration in light of *Harris* v. *Commissioner of Correction*, 271 Conn. 808, 860 A.2d 715 (2004). After reconsideration, we conclude that the respondent correctly applied the petitioner's presentence confinement credit to only one of his concurrent sentences. We therefore affirm the judgment of the trial court.

The following facts are necessary to resolve this case on remand. On December 28, 1999, the petitioner began a period of presentence confinement in lieu of bond on a New London docket. On January 10, 2000, while continuing his presentence confinement on the New London docket, the petitioner began a period of presentence confinement on a Waterbury docket. The petitioner's confinement from January 20, 2000, to January 18, 2001, satisfied a one year sentence on a Manchester docket. From January 19 to April 17, 2001, the petitioner continued his presentence confinement on the New London and Waterbury dockets. The petitioner was sentenced on the Waterbury docket on April 17, 2001, and on the New London docket on May 16, 2001. The period of presentence confinement on the Waterbury docket was therefore ninety-eight days,[1] and on the New London docket, 111 days.[2] In our previous consideration of this case, we decided that the respondent first should have subtracted ninety-eight days from the Waterbury

---

[1] That number represents the credit earned from January 10 to January 19, 2000, and from January 19, 2001, to April 17, 2001.

[2] That number represents the credit earned from December 28, 1999, to January 19, 2000, and from January 19 to April 17, 2001. As we held previously, the period from April 17 to May 16, 2001, does not qualify as presentence confinement on the New London docket because the petitioner already had begun serving his sentence on the Waterbury docket. *Bernstein* v. *Commissioner of Correction*, supra, 83 Conn. App. 81. Likewise, the presentence confinement credit applied to the one year Manchester sentence was fully utilized and therefore not available for application to the New London and Waterbury dockets. Id., 82.

sentence and 111 days from the New London sentence, and then should have compared the length of the resulting sentences. The sentence with the longer term to run then should have been imposed, according to our previous opinion. *Bernstein* v. *Commissioner of Correction*, supra, 83 Conn. App. 84–85.

In subsequently explaining the proper application of presentence confinement credit, our Supreme Court distinguished between concurrent sentences imposed on the same date and those imposed on different dates: "When concurrent sentences are imposed on the same date . . . the available presentence confinement days have not yet been utilized. The respondent thus examines and applies the presentence time served under each docket and then establishes the discharge date by choosing the sentence which has the longest term to run. See General Statutes § 53a-38 (b) (1). Conversely, when concurrent sentences are imposed on different dates, the presentence confinement days accrued simultaneously on more than one docket are utilized fully on the date that they are applied to the first sentence. Hence, they cannot be counted a second time to accelerate the discharge date of any subsequent sentence without violating the language of [General Statutes] § 18-98d (a) (1) (A)."[3] *Harris* v. *Commissioner of Correction*, supra, 271 Conn. 823.[4]

---

[3] General Statutes § 18-98d (a) (1) provides in relevant part: "Any person who is confined to a community correctional center or a correctional institution for an offense committed on or after July 1, 1981, under a mittimus or because such person is unable to obtain bail or is denied bail shall, if subsequently imprisoned, earn a reduction of such person's sentence equal to the number of days which such person spent in such facility from the time such person was placed in presentence confinement to the time such person began serving the term of imprisonment imposed; provided (A) each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement . . . ."

[4] See also *Hunter* v. *Commissioner of Correction*, 271 Conn. 856, 865, 860 A.2d 700 (2004); *Cox* v. *Commissioner of Correction*, 271 Conn. 844, 852, 860 A.2d 708 (2004).

Our previous opinion in the present case would have been correct if the petitioner had been sentenced on the New London and Waterbury dockets on the same date. The petitioner, however, was sentenced on those dockets on different dates. When he was sentenced on the Waterbury docket on April 17, 2001, the respondent correctly credited the ninety-eight days of presentence confinement to reduce the term of the Waterbury sentence. The ninety-eight days therefore were utilized fully.[5] When the petitioner was sentenced on the New London docket on May 16, 2001, only thirteen days of presentence confinement credit remained.[6] The habeas court correctly held that the petitioner was not entitled to have the same presentence confinement credit applied to both the New London and Waterbury sentences.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] Once the respondent credited the ninety-eight days to the Waterbury sentence, the respondent later could not reapportion any of the days to the New London sentence in order to calculate an earliest possible release date. See *Cox* v. *Commissioner of Correction*, 271 Conn. 844, 853, 860 A.2d 708 (2004); *Harris* v. *Commissioner of Correction*, supra, 271 Conn. 820.

[6] The thirteen days represent the credit earned from December 28, 1999, to January 9, 2000, during which time the petitioner was in presentence confinement on only the New London docket.